IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**JESSIE WILSON** **PLAINTIFF**

**v.** **No. 4:05CV79-P-B**

**CORRECTIONS OFFICER**
**ANTHONY STANLEY, ET AL.** **DEFENDANTS**

### ORDER OF DISMISSAL

The *pro se* prisoner plaintiff Jessie Wilson, inmate number K0605, in the custody of the Mississippi Department of Corrections and housed at the Mississippi State Penitentiary, filed a complaint under 42 U.S.C. § 1983 challenging the conditions of his confinement. A plaintiff's claim shall be dismissed if "it lacks an arguable basis in law or fact, such as when a prisoner alleges the violation of a legal interest that does not exist." *Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998)(citations omitted). For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this lawsuit.[1]

The court must ensure that the plaintiff has exhausted his administrative remedies with the Mississippi Department of Corrections before examining the merits of the plaintiff's claims. 42 U.S.C. § 1997e(a), *Wright v. Hollingsworth*, 260 F.3d 357 (5th Cir. 2001). In this case the plaintiff acknowledges that he has not completed the three-step administrative remedy program, arguing that he was unable complete the process within the thirty-day deadline because he was injured. The plaintiff, however, has not stated how his injuries preventing his pursuit of a

---

[1] 28 U.S.C. § 1915(g).

grievance, and, indeed, the court receives countless complaints similar to this one from injured inmates in the Mississippi Department of Corrections who have exhausted the grievance process. This case is therefore **DISMISSED** for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a).

      This, the 29th day of April, 2005.

                                        /s/ W. Allen Pepper, Jr.
                                        W. ALLEN PEPPER, JR.
                                        UNITED STATES DISTRICT JUDGE